IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs

CRIMINAL 10-0318CCC

**1) ARCADIO HERNANDEZ-SOTO**
2) WILLIAM RIVERA-GARCIA
3) JOEL HERNANDEZ-HERNANDEZ
4) ROLANDO NIEVES-VALENTIN
**5) NEFTALI VALENTIN-FRED**

Defendants

## SEALED ORDER

Before the Court is a Motion for Severance (**docket entry 247**) filed by Arcadio Hernández-Soto (1) on March 16, 2012, which was opposed by the United States on March 18, 2012 (docket entry 250). During the third day of trial, movant's attorney reported to the Court that he had been informed by defendant's counsel, Luis Rafael Rivera, that his client would testify against him at trial. Upon the Court's instruction, Valentín-Fred filed the Sealed Motion in Compliance in which he informed the Court, ex-parte, that he had decided to testify and "the gist of such testimony" (docket entry 249). This was followed again in compliance with the Court's order with two (2) motions filed by Valentín-Fred on March 19, 2012 (docket entries 256 and 257). In the first of these motions, defendant Valentín-Fred submitted his earlier testimonial proffer as a statement under penalty of perjury made pursuant to 28 U.S.C. 1746. The second proffer in the form of a declaration under penalty of perjury is essentially the same as the first one, but includes some additional details. The Court utilizes this last proffer in disposing of the severance motion. Additionally, Valentín-Fred filed docket entry 257, sealed and ex-parte, stating his position regarding defendant Hernández-Soto's severance request. To this end, he states the following: ". . . that his testimony most likely will prejudice codefendant Hernández-Soto and it is our belief that the motion for severance should be granted," and that "he has made a

determination to continue with his trial, even if severance is granted to codefendant Hernández-Soto."

The Court has carefully considered defendant Valentín-Fred's proffer under penalty of perjury (docket entry 256), which is now disclosed as it forms the basis for the Court's severance ruling. The relevant portions of that proffer are paragraphs 5 and 6:

> 5. The gist of my testimony will be that I went to a business meeting on July 13, 2010 due to the request of my co-worker, co-defendant Hernández-Soto; that on or about July 10, 2010 co-defendant Hernández-Soto offered me a part-time providing security for jewelry dealers in an apartment in Guaynabo, Puerto Rico, but that upon arriving to the apartment in the same city I realized that it was a drug deal and that my co-worker, co-defendant Hernández-Soto, tricked me in order for him to receive certain amount of money; that I feared for my life during the "drug" transaction since all doors were locked; and felt compelled to accept one thousand two hundred dollars ($1,200.00) in order to avoid reprisals by the "drug dealers;" that after leaving the scene I strongly scolded co-defendant Hernández-Soto for this situation, but he threatened me not to say anything about what I had witnessed because the "drug dealers" were very violent and that there were all type of law enforcement officers involved in these deals; and, I never returned to a transaction.
>
> 6. I am aware that co-defendant Arcadio Hernández-Soto has filed a Motion for Severance requesting that our cases be separated from each other. I hereby agree to continue with the ongoing trial against me even if this Honorable Court grants co-defendant Hernández-Soto's petition for severance.

The Court has carefully reviewed all leading cases that are relevant on the severance issue:

> Zafiro v. U.S., 506 U.S. 534 (1993), U.S. v. Peña-Lora, 225 F.3d 17 (1st Cir. 2000), U.S. v. Sabatino, 943 F.2d 94 (1st Cir. 1991), U.S. v. Perkins, 926 F.2d 1271 (1st Cir. 1991), U.S. v. Porter, 764 F.2d 1 (1st Cir. 1985), U.S. v. Talavera, 668 F.2d 625 (1st Cir. 1982), U.S. v. Voigt, 89 F.3d 1050 (3rd Cir. 1996), U.S. v. Crawford, 581 F.2d 489 (5th Cir. 1978), Ryon v. O'Neill, 894 F.2d 199 (6th Cir. 1990).

The analysis in all cases requires a determination of whether or not the situation related to a codefendant's testimony defense creates prejudice to the point of depriving the defendant seeking severance of a right to a fair trial. If the Court determines that such prejudice exists, then it is required to provide the defendant relief. The analysis surrounding

the existence of prejudice is fact specific.  Therefore, a denial of severance must rely on something more than merely dismissing "fingerpointing" as a general proposition.

Defendants Valentín-Fred and Hernández-Soto are jointly charged in the conspiracy count and in the charge of attempting to possess and intent to distribute cocaine related to the Fourth Amendment and last transaction charged in the indictment as occurring on July 13, 2010.  Also relevant to that last transaction is the corresponding weapons charge.

The proffered testimony of Valentín-Fred essentially states that he participated in the alleged drug transaction only because codefendant Hernández-Soto tricked him into it by misrepresenting to Valentín-Fred that what he would be involved in at the apartment in Guaynabo was a part-time job of providing security for jewelry dealers at that location on July 13, 2010; that having been tricked by Hernández-Soto to accompany him to the location in Guaynabo, he then realizes that he has been involuntarily brought into a drug transaction at a place where all doors were locked, and he felt compelled to accept $1,200.00 to avoid reprisals by the drug dealers.

In U.S. v. Peña-Lora, 225 F3d 17, 34-35 (1st Cir. 2000), the Court, although affirming a denial of severance, acknowledged as justified a severance in cases in which defendants admitted to participating in the offense but only after their codefendants had coerced or intimidated them.  It cited the case U.S. v. Buljubasic, 808 F.2d 1260, 1264 (7th Cir. 1987), in which defendant raised as a defense that he was participating in a crime but was intimidated into participating because of the codefendant's reputation for carrying guns. The First Circuit in Peña-Lora understood that if the jury were to credit such a defense (in our case trickery) it would be logically compelled to find that the codefendant committed the crime in which they coerced or tricked the defendant into participating.  The Valentín-Fred proffer falls squarely into such a factual scenario, that is, he proffers that he, indeed, participated in the drug transaction charged, but that he did so after having been tricked by Hernández-Soto into joining him.  The Valentín-Fred testimony will be extremely damaging

CRIMINAL 10-0318CCC                4

to codefendant Hernández-Soto because of its nature; additionally, because Hernández-Soto's counsel has repeatedly stated that he will not be testifying at trial.

The government unwittingly acknowledges the value of Valentín-Fred's testimony against Hernández-Soto by stating that his testimony is entirely consistent with the government evidence "that defendant Hernández was a veteran of three deals and that he recruited defendant Valentín for the fourth deal."

Given the circumstance outlined above, the Motion for Severance filed by defendant Arcadio Hernández-Soto (**docket entry 247**) is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on March 19, 2012.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge